■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT MARK THOMPSON, Appellant. [824 NYS2d 657]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated April 5, 2005, which, after a hearing pursuant to Correction Law article 6-C to redetermine the defendants' risk level and the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is reclassified as a level one sex offender.

In 1978 the defendant pleaded guilty to one count of sexual abuse in the first degree. In 1979 he was sentenced to five years' probation. Pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), a hearing to "redetermine" the defendant's risk level took place in April 2005. The defendant's total risk factor score in the risk assessment instrument placed him within a presumptive level one designation. The People sought to apply an "override" factor, namely, that the defendant had made "a recent threat to reoffend by committing a sexual or violent crime." In this regard, the People relied upon the defendant's convictions, occurring in 1993 and 2000, of criminal possession of a weapon in the third degree. After the hearing, the Supreme Court determined that the People

met their burden by clear and convincing evidence of establishing the necessity of an override, and designated the defendant to be a level three sex offender.

Under the facts of this case, the Supreme Court incorrectly designated the defendant a level three sex offender based upon the application of the subject override factor.

The Sex Offender Registration Act Risk Assessment Guidelines and Commentary state that the Board of Examiners of Sex Offenders (hereinafter the Board) decided not to impose a rigid time limit as to when the threat to reoffend must have occurred (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 18 [1997 ed]). Instead, the Board determined that "if the threat is recent enough that there is cause to believe that the offender may act upon it, an override is warranted" (*id.*). However, the 1993 and 2000 convictions relied upon by the People were not "recent enough" to warrant the application of the subject override factor.

Further, the defendant's 2000 conviction of criminal possession of a weapon in the third degree, under Penal Law § 265.02 (1), was not a violent felony offense as defined in Penal Law § 70.02 (1) (c).

The record does not support the People's contention that the Supreme Court, "in effect," made an "upward departure" from the presumptive level one classification to a level three designation.

Finally, we note that the Sex Offender Registration Act was meant to address the need to protect the public from the risk of repeat offenses by sex offenders (*see People v Jimenez*, 178 Misc 2d 319, 321 [1998]). In the 27 years that have followed the defendant's 1979 conviction for sexual abuse in the first degree, the defendant has not been convicted of any subsequent sexual offense. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.