■ The People of the State of New York, Respondent, v Roy A. Martin, Appellant. [912 NYS2d 299]—

Appeal by the defendant from an order of the County Court, Dutchess County (Hayes, J.), dated May 31, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to depart from the presumptive risk level, as determined by use of the risk assessment instrument, based upon the facts in the record (*see People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Taylor*, 47 AD3d 907, 907 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]; *People v Hines*, 24 AD3d 524, 525 [2005]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525). The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders "contain four 'overrides' that automatically result in a presumptive risk assessment of level 3" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [2006]). The People bear the burden of proving the applicability of a particular override by clear and convincing evidence (*see* Correction Law § 168-n [3]; *see also People v King*, 74 AD3d 1162 [2010]; *People v Chandler*, 48 AD3d 770, 771-772 [2008]; *People v Thompson*, 34 AD3d 661, 661-662 [2006]).

Here, the County Court found that the People established the

existence of the fourth override, that there exists "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]), thus automatically resulting in a presumptive risk assessment of level three. However, as the defendant correctly claims, in expressly finding that the People established the applicability of the fourth override by a preponderance of the evidence, the court failed to hold the People to the proper burden of proof, which is proof by clear and convincing evidence (*see* Correction Law § 168-n [3]; *see also People v King*, 74 AD3d 1162 [2010]; *People v Chandler*, 48 AD3d at 771-772; *People v Thompson*, 34 AD3d at 661-662). Nonetheless, where, as here, the record is sufficient, this Court may make its own findings of fact and reach its own conclusions of law (*see People v King*, 74 AD3d 1162 [2010]; *People v Rivera*, 73 AD3d 881 [2010]; *People v Lyons*, 72 AD3d 776, 776 [2010]; *People v McKee*, 66 AD3d 854, 854 [2009]; *People v Ashby*, 56 AD3d 633, 633 [2008]; *People v Liguori*, 48 AD3d 773 [2008]). We find that the People established by clear and convincing evidence the applicability of the fourth override, that there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]), and that, by operation of the override, the defendant was presumptively a level three sex offender. To the extent the defendant sought a downward departure from the level three determination resulting from the automatic override, the defendant failed to present clear and convincing evidence of the existence of special circumstances to warrant a downward departure. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.