■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK SCHIAVONI, Appellant. [966 NYS2d 690]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 13, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders "contain four 'overrides' that automatically result in a presumptive risk assessment of level 3" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]). The People bear the burden of proving the applicability of a particular override by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Martin*, 79 AD3d 717, 717-718 [2010]). Contrary to the defendant's contention, the People established by clear and convincing evidence the applicability of the fourth override, namely, that there has been "a clinical assessment that the offender has a psychological . . . abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see* Board of Examiners of Sex Offenders, Scoring of Child Pornography Cases Position Statement [June 1, 2012]; *People v Martin*, 79 AD3d at 718; *People v Lorio*, 37 AD3d 796 [2007]). Accordingly, the County Court properly designated the defendant a level three sex offender. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.