THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LOBELLO, Appellant. [999 NYS2d 179]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 29, 2013, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]). The People bear the burden of proving the applicability of a particular override by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Schiavoni*, 107 AD3d 773, 773 [2013]; *People v Martin*, 79 AD3d 717, 717-718 [2010]).

As relevant here, the People sought to establish the applicability of the third override, which is applicable if the offender has made a recent threat that he will reoffend by committing a sexual or violent crime (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). The Guidelines note that "the Board initially considered a requirement that the threat to reoffend must have occurred within the previous year," but "[i]t decided . . . not to impose such a rigid time limit" (*id.* at 19). "[I]f the threat is recent enough that there is cause to believe that the offender may act upon it, an override is warranted" (*id.*; *see People v Thompson*, 34 AD3d 661, 662 [2006]).

Here, the People established by clear and convincing evidence the applicability of the third override. The People submitted proof demonstrating that the defendant had, among other things, threatened to kill his mother about a year earlier and that there was cause to believe that the defendant might act upon that threat (*see People v Eaton*, 105 AD3d 722, 723 [2013]; *cf. People v Thompson*, 34 AD3d at 662). Accordingly, contrary to the defendant's contention, the County Court did not err in designating him a level three sexually violent offender. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.