■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LONG, Appellant. [10 NYS3d 336]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 14, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (*People v Lobello*, 123 AD3d 993, 994 [2014]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]; *People v Schiavoni*, 107 AD3d 773, 773 [2013]; *People v Martin*, 79 AD3d 717, 717 [2010]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d at 994; *see* Correction Law § 168-n [3]; *People v Schiavoni*, 107 AD3d at 773; *People v Martin*, 79 AD3d at 717). Contrary to the defendant's contention, the People established by clear and convincing evidence the ap-

plicability of the fourth override, namely, that there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4). The defendant was diagnosed with pedophilia and, accordingly, an override to a level three designation was appropriate (*see People v Schiavoni*, 107 AD3d at 773; *People v Spencer*, 104 AD3d 660, 660-661 [2013]; *People v Ledbetter*, 82 AD3d 858, 858 [2011]; *People v Martin*, 79 AD3d at 718; *People v Hoffman*, 62 AD3d 976, 976 [2009]).

In any event, even absent the aforementioned override, under the facts of this case, an upward departure to risk level three was warranted based on aggravating factors which the People established by clear and convincing evidence (*see People v Rotunno*, 117 AD3d 1019, 1019 [2014]; *People v DeJesus*, 117 AD3d 1017, 1018 [2014]; *People v Willette*, 115 AD3d 920, 920-921 [2014]). Moreover, contrary to the defendant's contention, the County Court properly denied his request for a downward departure. The factors he asserted in support of his request for a downward departure were not, as a matter of law, appropriate mitigating circumstances since they were adequately taken into account by the risk assessment instrument (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 123 [2011]).

Accordingly, the defendant was properly designated a level three sex offender. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.