■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LAGVILLE, Appellant. [26 NYS3d 316]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated September 28, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (*People v Lobello*, 123 AD3d 993, 994 [2014]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter the Guidelines]; *People v Schiavoni*, 107 AD3d 773 [2013]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d at 994; *see* Correction Law § 168-n [3]; *People v Schiavoni*, 107 AD3d at 773). Contrary to the defendant's contention, the People established by clear and convincing evidence the applicability of the fourth override, namely, that there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Guidelines at 4). The People proved that the defendant was diagnosed with pedophilia and that an override to a presumptive level three designation was appropriate (*see People v Long*, 129 AD3d 687, 688 [2015]; *People v Ledbetter*, 82 AD3d 858, 858 [2011]; *People v Hoffman*, 62 AD3d 976, 976 [2009]).

Contrary to the defendant's further contention, he was not entitled to a downward departure from his presumptive risk level. The defendant identified an appropriate mitigating factor that could provide a basis for a discretionary downward departure, as the Guidelines recognize that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; *see People v Morgan*, 124 AD3d 742 [2015]). The defendant, however, failed to establish facts in support of this mitigating factor by a preponderance of the evidence, as he did not establish that his response to treatment was exceptional (*see People v Tisman*, 116 AD3d 1018, 1019 [2014]).

Accordingly, the defendant was properly designated a level three sex offender. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.