People v Haye (2018 NY Slip Op 04362)





People v Haye


2018 NY Slip Op 04362


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-04178

[*1]People of State of New York, respondent,
v
Everton Haye, appellant.


Seymour W. James, Jr., New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated May 7, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was designated a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law § 168 et seq.; hereinafter SORA). On appeal, the defendant contends that the Supreme Court should have granted his application for a downward departure from his presumptive risk level designation.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, contrary to the defendant's contention, the fact that he scored in the lowest risk category on the Static-99R actuarial risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor (see People v Curry, 158 AD3d 52, 56-61). Further, the defendant's lack of a criminal history before the crimes he committed in this case was adequately taken into account under the Guidelines (see People v Dipilato, 155 AD3d 792, 792-793; People v Torres, 124 AD3d 744, 745-746). Although an offender's "advanced age" (Guidelines at 5; see People v Santiago, 137 AD3d 762, 764-765) and an offender's exceptional response to treatment may qualify as grounds for a downward departure (see People v Lagville, 136 AD3d 1005, 1006), the defendant failed to establish the facts in support of these grounds by a preponderance of the evidence (see People v Santiago, 137 AD3d at 764-765).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court