People v Gonzalez (2021 NY Slip Op 05785)





People v Gonzalez


2021 NY Slip Op 05785


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Acosta, P.J., Manzanet-Daniels, Kern, Oing, Kennedy, JJ. 


Ind No. 1753/15 Appeal No. 14430 Case No. 2017-960 

[*1]The People of the State of New York, Respondent,
v
Lenin Gonzalez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Susan Epstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.



Judgment, Supreme Court, New York County (James M, Burke, J. at hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered July 12, 2016, as amended August 26, 2016, convicting defendant of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 12 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The element of serious physical injury was satisfied by evidence that clearly supported a finding of serious disfigurement (see People v McKinnon, 15 NY3d 311, 315-316 [2010]). The wound inflicted by defendant also created a substantial risk of death due to its proximity to the victim's carotid artery and jugular vein, even though neither was in fact severed (see People v McKinzie, 161 AD3d 703, 703-704 [1st Dept 2018], lv denied 32 NY3d 1113 [2018]). Finally, the evidence also supported a finding of serious physical injury based on protracted impairment of health, because the pain on the victim's neck persisted at the time of the trial, a year after the attack (see People v Corbin, 90 AD3d 478, 479 [1st Dept 2011], lv denied 19 NY3d 972 [2012]).
At a Rodriguez hearing (see People v Rodriguez, 79 NY2d 445 [1992]), a detective's testimony established that the victim was sufficiently familiar with defendant so that his identification of defendant was confirmatory. The detective gave detailed testimony about the victim's relationship with defendant based on his conversations with the victim and his aunt. The victim and his aunt each told the detective defendant's full name, and they both explained that the victim had known defendant for years, that they grew up together in the neighborhood, and that they knew each other's families. In any event, any error was harmless because identity was not a disputed issue at trial.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021