People v Abdullah (2022 NY Slip Op 06146)

People v Abdullah

2022 NY Slip Op 06146

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-03136

[*1]The People of the State of New York, respondent, 
v
John J. Abdullah, appellant. 

Del Atwell, East Hampton, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated January 22, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1980, the defendant sexually assaulted and murdered a 13-year-old girl in his neighborhood, stabbing her 23 times. After a jury trial, the defendant was convicted of two counts of murder in the second degree (intentional and felony murder), and sexual abuse in the first degree. The defendant was sentenced to indeterminate terms of imprisonment of 25 years to life on each of the convictions of murder in the second degree, and to an indeterminate term of imprisonment of 2&frac13; to 7 years on the conviction of sexual abuse in the first degree, all to run concurrently. Prior to his release from prison, the County Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C ; hereinafter SORA). The court assessed the defendant a total of 65 points, resulting in a presumptive risk level one designation, and then applied an automatic override to a presumptive risk level three designation on the basis that the defendant caused the victim's death (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see People v Long, 129 AD3d 687, 687). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836).
Contrary to the defendant's contention, the People sustained their burden of proving, by clear and convincing evidence, the applicability of the override for causing the death of the victim (see People v Simmons, 170 AD3d 904, 904; see also People v Mingo, 12 NY3d 563, 573; People v Gutierrez-Lucero, 103 AD3d 89, 98). A court may, however, in its discretion depart from the [*2]presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, "although such departures are the exception, and not the rule" (People v Simmons, 170 AD3d at 904; see People v Johnson, 135 AD3d at 721).
Contrary to the defendant's contention, the County Court properly denied his request for a downward departure from the presumptive risk level three designation (see People v Barr, 205 AD3d 741, 743; People v Haims, 203 AD3d 1184). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that a downward departure was warranted. Most of the alleged mitigating factors identified by the defendant, including his successful completion of rehabilitation and vocational programs, his positive disciplinary record while incarcerated, and his postrelease environment, are adequately taken into account by the Guidelines (see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806; People v Torres, 124 AD3d 744, 745-746; People v DeDona, 102 AD3d 58, 70-71). While "'a defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to establish that his response to such treatment was exceptional (see People v Del-Carmen, 186 AD3d at 879; People v Robinson, 179 AD3d 1104, 1105; People v Varvaro, 171 AD3d 958, 960).
Further, although "advanced age" can be a basis for a downward departure (Guidelines at 5; see People v Mitchell, 196 AD3d 516, 518), the defendant failed to demonstrate that his age of 56 years old at the time of the SORA hearing constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Samuels, 199 AD3d 1034, 1036; People v Mitchell, 196 AD3d at 518; People v Rivas, 185 AD3d 740, 740-741).
Moreover, while "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines" (People v Madison, 98 AD3d 573, 574), the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (see People v Moultrie, 147 AD3d 800, 801).
In any event, the egregious nature of the defendant's underlying crime outweighs any mitigating factor that would warrant a downward departure to a risk level one or two designation (see People v Madison, 98 AD3d 573). Accordingly, the County Court properly designated the defendant a level three sex offender.
Furthermore, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People Bowles, 89 AD3d 171; see also People v Baldi, 54 NY2d 137).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court