People v Guzman (2023 NY Slip Op 00398)

People v Guzman

2023 NY Slip Op 00398

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Singh, Rodriguez, Higgitt, JJ. 

Ind. No. 729/15 Appeal No. 17201 Case No. 2018-2680 

[*1]The People of the State of New York, Respondent,
v
Junior Guzman, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth G. Caldwell of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered December 6, 2017, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The record supports the jury's finding that the victim sustained serious physical injury. The testimony elicited established that the stab wounds inflicted by defendant created a substantial risk of death. The attending physician testified that the stab wound behind the victim's ear, because of its close proximity to the victim's carotid artery and jugular vein was life threatening and required immediate attention. He testified that an injury to those arteries also could cause blood loss and disrupt the flow of blood to the brain (see People v Gonzalez, 198 AD3d 543 [1st Dept 2021], lv denied 37 NY3d 1146 [2021]; People v McKenzie, 161 AD3d 703, 703-704 [1st Dept 2018], lv denied 32 NY3d 1113 [2018]). The element of serious physical injury was also satisfied by medical evidence that supported a finding of serious and protracted disfigurement (see generally People v McKinnon, 15 NY3d 311, 315-316 [2010]), and such a finding is not undermined by defendant's acquittal of an assault charge containing different elements.
At this retrial, the trial court properly permitted the introduction of the victim's testimony at the first trial, because the People satisfied the constitutional and statutory requirement of unavailability. The trial court conducted an inquiry as to the victim's unavailability, at which the People demonstrated that they exercised due diligence in attempting to locate the victim (see CPL 670.10, 670.20). According to the People, the victim was totally uncooperative, the People had lost all means of contact with him, and further efforts to locate him would have been futile. Defendant did not preserve his contention that the trial court was required to conduct an evidentiary hearing and we decline to review it in the interest of justice. As an alternate holding, we find that an evidentiary hearing featuring sworn testimony is not an absolute prerequisite to making a finding that a witness is unavailable (People v Giurdanella, 144 AD3d 479, 481 [1st Dept 2016], lv denied 29 NY3d 948 [2017]). Further, CPL 670.20 neither defines the term hearing nor excludes the possibility of a hearing consisting of factual presentations and arguments by counsel.
Defendant's ineffective assistance of counsel claims are not reviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including matters of strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on [*2]appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023