People v Barry (2023 NY Slip Op 00679)

People v Barry

2023 NY Slip Op 00679

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-07355

[*1]The People of the State of New York, respondent,
v
Duane Barry, appellant. 

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar M. O'Rourke and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated September 3, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 125 points on the risk assessment instrument, and applied an automatic override based on the defendant's prior felony sex conviction, rendering the defendant a presumptive level three sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). The court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806).
The Supreme Court correctly determined that the People met their burden of proving by clear and convincing evidence the facts supporting the defendant's designation as a level three sex offender (see Correction Law § 168-n[3]). Contrary to the defendant's contention, the court properly assessed 30 points under risk factor 5, as the record demonstrates that the defendant possessed pornographic images displaying children 10 years old or younger (see People v Lombardi, 205 AD3d 743, 744; People v Glosque, 201 AD3d 823, 824; People v Kopstein, 186 AD3d 757, 758; People v Butler, 157 AD3d 727).
The defendant's contention that the Supreme Court improperly assessed 15 points under risk factor 11 is unpreserved for appellate review (see CPLR 4017, 5501; People v Gillotti, [*2]23 NY3d 841, 854; People v Maddison, 153 AD3d 737). In any event, the contention is without merit, as the assessment was proper based on the defendant's admissions (see People v Vasquez, 197 AD3d 1185, 1186; People v Perry, 165 AD3d 990, 991; People v Lowery, 140 AD3d 1141, 1142). Accordingly, the court properly assessed the defendant 125 points on the risk assessment instrument, which alone would render the defendant a presumptive level three offender.
Furthermore, "[t]he Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see People v Long, 129 AD3d 687, 687). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836). The application of an override, however, merely renders the defendant a presumptive level three offender, and a court may, in its discretion, depart from the presumptive risk level where the circumstances warrant such a departure (see People v Abdullah, 210 AD3d 704, 705; People v Johnson, 135 AD3d at 721).
As the defendant concedes, the People sustained their burden of proving, by clear and convincing evidence, the applicability of the override based upon the defendant's prior sex felony conviction (see Guidelines at 3; People v Horne, 61 AD3d 945). Thus, the defendant was presumptively a level three offender.
Contrary to the defendant's contention, the Supreme Court did not err in denying his request for a downward departure from the presumptive risk level (see People v Johnson, 11 NY3d 416, 422; People v Abdullah, 210 AD3d 704; People v Wolm, 209 AD3d 682, 684; People v Sofo, 168 AD3d 891, 892; see also People v Champagne, 140 AD3d 719, 720). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Alvarado, 173 AD3d 909, 910; People v Champagne, 140 AD3d at 720).
Here, the defendant failed to establish by a preponderance of the evidence that a downward departure was warranted. While a "'defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to establish that his response to such treatment was exceptional (see People v Mitchell, 196 AD3d 516, 518; People v Del-Carmen, 186 AD3d at 879; People v Robinson, 179 AD3d 1104, 1105; People v Varvaro, 171 AD3d 958, 960; People v Riverso, 96 AD3d 1533, 1534).
Furthermore, "[a]lthough in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted under the circumstances here" (People v Smith, 187 AD3d 1228, 1229), where the defendant was found in possession of numerous images of different child victims while on probation for child pornography, and acknowledged his sexual attraction to underage children (see People v Sofo, 168 AD3d at 892). The defendant also failed to assert how the application of the automatic override provision to his noncontact sexual offense has produced an "anomalous" or unintended result (People v Johnson, 11 NY3d at 421; see People v Champagne, 140 AD3d at 720).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court