People v Rivera (2023 NY Slip Op 06814)

People v Rivera

2023 NY Slip Op 06814

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Ind. No. 2842/86 Appeal No. 1315 Case No. 2019-03391 

[*1]The People of the State of New York, Respondent,
v
Danny Rivera, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Katheryne M. Martone of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 28, 2019, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The override for infliction of serious physical injury was supported by clear and convincing evidence. The term "serious physical injury" has its Penal Law meaning, which includes "physical injury which creates a substantial risk of death" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006]; see also Penal Law § 10.00[10]). The evidence established that defendant, after raping the victim and with the intent to kill, shot the victim three times with a gun at close range, striking her in the face, lower back, and buttock. The victim, in attempting to escape, was unable to stand and had to drag her body along the ground due to extensive blood loss until she received aid. After being taken to the hospital by ambulance, the victim underwent surgery and was admitted for three days. This evidence was sufficient to warrant the finding that the gunshot wounds created a substantial risk of death (see People v Guzman, 212 AD3d 580 [1st Dept 2023], lv denied 39 NY3d 1141 [2023]; People v Arroyo, 166 AD3d 564 [1st Dept 2018], lv denied 32 NY3d 1201 [2019]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were largely taken into account by the risk assessment instrument. To the extent that they were not, they were outweighed by the heinousness of the underlying crime. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023