People v Bonet (2024 NY Slip Op 01205)

People v Bonet

2024 NY Slip Op 01205

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-08550

[*1]The People of the State of New York, respondent, 
v
Alfredo Bonet, appellant. Twyla Carter, New York, NY (Hilary Dowling of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated November 17, 2021, which, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25[1]) and rape in the first degree (id. § 130.35[1]) and was sentenced to 18 years in prison. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 100 points on the risk assessment instrument and applied an automatic override based on the defendant's infliction of serious physical injury, resulting in a presumptive designation as a level three sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), denied the defendant's application for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
"'[The Guidelines] promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three'" (People v Barry, 213 AD3d 779, 780, quoting People v Lobello, 123 AD3d 993, 994). "The Board decided to treat these factors as overrides (rather than scoring them heavily) because each provides compelling evidence that an offender poses a serious risk to public safety" (Guidelines at 4). One of the overrides is for the infliction of serious physical injury (see Correction Law § 168-n[3]; People v Taylor, 47 AD3d 907, 908). The term "serious physical injury" includes "physical injury which creates a substantial risk of death" (Penal Law § 10.00[10]; see Guidelines at 19; People v Rivera, 222 AD3d 596). "'The People bear the burden of proving the applicability of a particular override by clear and convincing evidence'" (People v Barry, 213 AD3d at 780, quoting People v Lobello, 123 AD3d at 994; see Correction Law § 168-2[3]). "'Once the People have sustained this burden, a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Balcerak, 212 AD3d 662, 663 [internal quotation marks omitted], quoting People v Johnson, 135 AD3d 720, 720-721).
Contrary to the defendant's contention, the People sustained their burden of proving by clear and convincing evidence the applicability of the override based on the defendant's infliction of serious physical injury. The evidence established that, after raping the victim in her apartment, and with the intent to cause her death, the defendant repeatedly struck the victim in the head with a hard object, causing her to suffer a major depressed skull fracture with massive bleeding, stabbed [*2]the victim in the abdomen, and set a covering that the defendant had placed over the victim's body and head on fire. Although the victim escaped, she underwent numerous blood transfusions and surgery for the skull fracture, including implantation of a mesh where her skull was in pieces, and remained hospitalized for at least eight days. This evidence was sufficient to establish that the victim suffered a substantial risk of death (see People v Rivera, 222 AD3d at 596; People v Cadorette, 41 AD3d 808; see also Matter of Mackenzie P.G. [Tiffany P.], 148 AD3d 1015, 1016).
Further, the Supreme Court properly denied the defendant's application for a downward departure to a risk level two designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Balcerak, 212 AD3d at 664; see People v Gillotti, 23 NY3d at 861). Here, the alleged mitigating factors identified by the defendant, including the lack of prior sex crimes in his criminal history, his participation in sex offender treatment, and his age of 50 years old at the time of the SORA hearing, either were adequately taken into account by the Guidelines (see People v Pareja-Hidalgo, 222 AD3d 892) or did not warrant a downward departure (see People v Musmacker, 213 AD3d 784, 786; People v Saunders, 209 AD3d 776; People v Munoz, 155 AD3d 1068, 1069). Accordingly, the court properly designated the defendant a level three sex offender.
The defendant's remaining contention need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court