People v Forsberg (2024 NY Slip Op 05463)

People v Forsberg

2024 NY Slip Op 05463

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-02088

[*1]The People of the State of New York, respondent,
v
Daniel Forsberg, appellant. 

Michael J. Brown, Central Islip, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated January 29, 2024, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]; People v Schiavoni, 107 AD3d 773). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]; People v Schiavoni, 107 AD3d at 773). Contrary to the defendant's contention, the People established by clear and convincing evidence the applicability of the fourth override, that there has been "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Guidelines at 19; see id. at 4). The People proved that the defendant was diagnosed with paraphilia involving hebephilia and that an override to a presumptive level three risk designation was appropriate (see People v Grief, 223 AD3d 917, 918; People v Lagville, 136 AD3d 1005; People v Long, 129 AD3d 687, 688).
Contrary to the defendant's further contention, he was not entitled to a downward departure from his presumptive risk level. The County Court properly determined that the imposition of points on the risk assessment instrument under risk factors 3 (number of victims) and 7 (relationship with victim) did not result in an overassessment of the defendant's risk to public safety (see People v Gillotti, 23 NY3d 841, 861; People v Glosque, 201 AD3d 823, 824; People v Sofo, 168 AD3d 891, 892; cf. People v Sestito, 195 AD3d 869, 870; People v Gonzalez, 189 AD3d 509, 511), and the defendant failed to otherwise demonstrate the existence of a mitigating factor not already taken into account by the risk assessment instrument that would warrant a downward departure (see People v Gillotti, 23 NY3d at 857).
The defendant's remaining contention is without merit.
Accordingly, the defendant was properly designated a level three sex offender.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court