People v Gaffney (2024 NY Slip Op 05671)

People v Gaffney

2024 NY Slip Op 05671

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

623 KA 24-00395

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUKE J. GAFFNEY, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 12, 2023. The judgment convicted defendant, upon a jury verdict, of aggravated assault upon a police officer or a peace officer. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of aggravated assault upon a police officer or a peace officer (Penal Law § 120.11). The conviction arises out of an incident in which defendant stabbed a police officer in the leg near the femoral artery. We affirm.
By failing to object to the verdict prior to the jury's discharge, defendant failed to preserve his contention that the verdict is repugnant because the jury acquitted him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and the lesser included offense of attempted assault in the second degree (§ 120.05 [2]), but found him guilty of aggravated assault upon a police officer or a peace officer (§ 120.11; see People v Franco, 225 AD3d 1284, 1284 [4th Dept 2024], lv denied 41 NY3d 1002 [2024]; People v Pearson, 192 AD3d 1555, 1556 [4th Dept 2021], lv denied 37 NY3d 994 [2021]). Contrary to defendant's further contention, he "failed to establish the lack of a strategic decision on the part of defense counsel [in failing to object to the verdict] inasmuch as a resubmission of the matter to the jury could have resulted in a guilty verdict" on the other counts (People v Bartlett, 89 AD3d 1453, 1454 [4th Dept 2011], lv denied 18 NY3d 881 [2012]; see generally CPL 310.50 [2]).
Even assuming, arguendo, that defendant preserved his contention that County Court erred in refusing to provide a justification charge, we conclude that there is no reasonable view of the evidence that would support such a defense (see People v Watts, 57 NY2d 299, 301 [1982]). "[A] defendant is justified in using 'deadly physical force' upon another only if that defendant 'reasonably believes that such other person is using or about to use deadly physical force' " (People v Brown, 33 NY3d 316, 320 [2019], rearg denied 33 NY3d 1136 [2019], quoting Penal Law § 35.15 [2] [a]). Stated another way, the defendant must, as relevant here, establish that they subjectively "believed deadly force was necessary to avert the imminent use of deadly force" and that, "in light of all the circumstances" and objectively, "a reasonable person could have had th[at] belief[ ]" (People v Goetz, 68 NY2d 96, 115 [1986] [internal quotation marks omitted]). Here, defendant demonstrated neither.
Defendant also contends that the People failed to establish that the victim suffered a serious physical injury and thus that his conviction for aggravated assault upon a police officer or a peace officer is legally insufficient and that the verdict is against the weight of the evidence. We reject those contentions. Here, "[t]he wound inflicted by defendant . . . created a substantial [*2]risk of death due to its proximity to the victim's [femoral] artery . . . even though [it] was [not] in fact severed" (People v Gonzalez, 198 AD3d 543, 543 [1st Dept 2021], lv denied 37 NY3d 1146 [2021]; see People v McKenzie, 161 AD3d 703, 703-704 [1st Dept 2018], lv denied 32 NY3d 1113 [2018]). Viewing the facts "in a light most favorable to the People," we conclude that " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found' " that the victim suffered a serious physical injury (People v Danielson, 9 NY3d 342, 349 [2007]). Similarly, viewing the evidence in light of the elements of the crime as charged to the jury (see id.), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant argues that the court improperly permitted the People to introduce two videos. Assuming, arguendo, that defendant preserved his objection to the video evidence and that the court erred in admitting it, we conclude that any error was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Bryant, 144 AD3d 1523, 1525 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]).
Defendant's contention that he was deprived of a fair trial by prosecutorial misconduct on summation is, for the most part, unpreserved for our review inasmuch as defendant failed to object to all but one of the statements he now challenges on appeal (see People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). With respect to his preserved challenge, the court sustained defendant's objection and gave a curative instruction. Inasmuch as defendant did not object further or move for a mistrial, "the curative instruction must be deemed to have corrected the error to . . . defendant's satisfaction" (People v Heide, 84 NY2d 943, 944 [1994]).
Defendant argues that the court improperly discharged a juror with attention deficit/hyperactivity disorder for cause. Inasmuch as the People did not exhaust their peremptory challenges when the juror was dismissed or by the end of jury selection, the court's dismissal of the juror for cause does not constitute a basis for reversal (see CPL 270.20 [2]; People v Stone, 239 AD2d 872, 873 [4th Dept 1997], lv denied 90 NY2d 943 [1997]).
We reject defendant's contention that his sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court