People v Rhinehart (2022 NY Slip Op 06147)

People v Rhinehart

2022 NY Slip Op 06147

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07164

[*1]People of State of New York, respondent,
v
Philip Rhinehart, appellant.

Twyla Carter, New York, NY (Arthur H. Hopkirk of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (William E. Garnett, J.), dated September 2, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to sexual abuse in the first degree (Penal Law § 130.65[1]). Prior to his release from prison, at a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was assessed 110 points under the risk assessment instrument, which placed him within the range for a presumptive level three designation. In addition, based upon the defendant's prior felony sex crime conviction, the Board of Examiners of Sex Offenders recommended that the defendant be classified as a level three sex offender pursuant to an automatic override (see People v Rodriguez, 170 AD3d 902, 902; People v Balcuns, 161 AD3d 1018, 1018). The Supreme Court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure, as the purported mitigating factor identified by the defendant was adequately taken into account by the Guidelines and did not establish a lower likelihood of reoffense [*2]or danger to the community to warrant a downward departure (see People v Gomez, 204 AD3d 843, 846; People v Hitchcock, 165 AD3d 849, 850).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court