People v Cahill (2022 NY Slip Op 06824)

People v Cahill

2022 NY Slip Op 06824

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-06546

[*1]The People of the State of New York, respondent,
v
Scott Cahill, appellant. 

Arza Feldman, Manhasset, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Jill Oziemblewski of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 23, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2008, the defendant was convicted in the United States District Court for the Southern District of New York, after a nonjury trial, of receiving and distributing child pornography (see 18 USC § 2252A[a][2][B]) and possessing child pornography (see id. § 2252A[a][5][B]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (id. § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). Here, the assessment of 15 points under risk factor 11 was supported by clear and convincing evidence in the record, including the presentence investigation report completed by the United States Department of Probation (see People v Crandall, 90 AD3d 628, 629-630).
Correction Law § 168-n(3) requires the court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Green, 195 AD3d 754, 755; People v Porciello, 193 AD3d 993, 993). Here, the Supreme Court failed to adequately set forth findings of fact and conclusions of law to support its denial of the defendant's application for a downward departure. Nevertheless, remittal is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Porciello, 193 AD3d at 993-994; People v Ramirez, 163 AD3d 1012, 1012; People v Brown, 136 AD3d 698, 699).
A defendant seeking a downward departure from the presumptive risk level has the [*2]initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the purported mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861), or did not warrant a downward departure. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see id.; People v Johnson, 11 NY3d 416, 421), given, among other things, the number and nature of the images possessed by the defendant, such a departure was not warranted under the circumstances presented (see People v Tirado, 165 AD3d 991, 992; People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043; People v Labrake, 121 AD3d 1134, 1135).
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court