People v Parisi (2023 NY Slip Op 00118)

People v Parisi

2023 NY Slip Op 00118

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-00208

[*1]The People of the State of New York, respondent,
v
William Parisi, appellant.

Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated December 8, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sodomy (now criminal sexual act) in the first degree (Penal Law § 130.50[2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level three sex offender based upon the assessment of 115 total points. On appeal, the defendant challenges the assessment of points under risk factors 1, 2, 7, and 11, and argues that the court should have granted his request for a downward departure.
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573; People v Brown, 194 AD3d 861, 862).
Correction Law § 168-n(3) requires a court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Green, 195 AD3d 754, 755; People v Porciello, 193 AD3d 993, 994). Here, the County Court failed to set forth findings of fact and conclusions of law in its order. Nevertheless, remittitur is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Porciello, 193 AD3d at 993-994).
Contrary to the defendant's contention, the assessment of 10 points under risk factor 1 for forcible compulsion was supported by clear and convincing evidence in the record. The case summary indicated that the defendant pinned the wheelchair-bound victim in the corner of an [*2]ambulette and, while she attempted to resist him, forcibly fondled her breasts and forced his penis into her mouth.
The County Court properly assessed 25 points under risk factor 2 for deviate sexual intercourse. The defendant was convicted, upon his plea of guilty, of sodomy (now criminal sexual act) in the first degree in violation of Penal Law § 130.50(2) for engaging in deviate sexual intercourse with another person, to wit: contact between the defendant's penis and the victim's mouth (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006] [hereinafter Guidelines]). The court properly considered, inter alia, the elements of the crime of which the defendant was convicted (see People v Bright, 63 AD3d 1133; People v Townsend, 60 AD3d 655).
Contrary to the defendant's contention, the People established by clear and convincing evidence that the crime arose in the context of a professional relationship between the defendant and the victim. The People met their burden as to the assessment of 20 points under risk factor 7 through evidence that the defendant was employed as an ambulette driver who transported the wheelchair-bound victim (see People v Moore-Johnson, 178 AD3d 1102; People v Somodi, 170 AD3d 1056; People v Briggs, 86 AD3d 903; People v Carlton, 78 AD3d 1654, 1656).
The County Court properly assessed 15 points under risk factor 11 based upon information contained in the case summary prepared by the Board, which established by clear and convincing evidence, a history of drug or alcohol abuse.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, the alleged support provided by his family was adequately taken into account by the Guidelines' consideration of living arrangements (see People v Taylor, 199 AD3d 845; People v Powell, 188 AD3d 734, 735; People v Young, 186 AD3d 1546, 1548; People v Edmee, 183 AD3d 766, 767). Moreover, the defendant failed to demonstrate how his family support established a lower likelihood of reoffense or danger to the community (see People v Roelofsen, 195 AD3d 962, 963; People v Fuhrtz, 180 AD3d 944, 947).
Although debilitating illness or advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Wallason, 169 AD3d 728, 729), an offender must demonstrate that a purported medical condition or advanced age at the time of the SORA determination resulted in the overassessment of the offender's risk to public safety (see People v Bigelow, 175 AD3d 1443; People v Wallason, 169 AD3d at 729). Here, the defendant, who committed the sex offense when he was in his early forties, failed to demonstrate that his age at the time of the SORA determination, 60 years old, resulted in an overassessment of his risk to public safety (see People v Saintilus, 169 AD3d 838, 839). Moreover, the defendant submitted no medical evidence demonstrating that his sexual functioning had been impaired by his medical condition, and thus, failed to show that there was a reduced risk of reoffense or that his medical condition resulted in the overassessment of his risk to public safety (see People v Jimenez, 178 AD3d 1099, 1101; People v Wallason, 169 AD3d at 729).
The defendant's remaining contentions are without merit.
Accordingly, the County Court properly designated the defendant a level three sex [*3]offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court