People v Balcerak (2023 NY Slip Op 00116)

People v Balcerak

2023 NY Slip Op 00116

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2018-11818

[*1]The People of the State of New York, respondent, 
v
Alfred Balcerak, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter, Autumn S. Hughes, and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated July 24, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of forcible touching. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 65 points under the risk assessment instrument, presumptively placing him within the range for a level one designation. However, based upon the defendant's prior conviction of a felony sex crime, the Board of Examiners of Sex Offenders recommended that the defendant be classified as a level three sex offender pursuant to an automatic override (see People v Rhinehart, 210 AD3d 706; People v Jones, 196 AD3d 515). The Supreme Court designated the defendant a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]; People v Barr, 205 AD3d 741, 742). "The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992; see Guidelines at 3, 19). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]; People v Abdullah, 210 AD3d 704). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836).
Here, the People sustained their burden of proving, by clear and convincing evidence, the applicability of the override based on the defendant's prior conviction of sexual abuse in the first degree (see People v Wolm, 209 AD3d 682, 683; see also People v Mingo, 12 NY3d 563, 573). In light of our determination that an override was established, we need not reach the defendant's challenge to the assessment of points under certain specified risk factors (see People v Wolm, 209 AD3d at 683; People v Barr, 205 AD3d at 742; People v Berry, 138 AD3d 945, 946).
At the SORA hearing, the defendant sought a downward departure from the presumptive risk level. The Supreme Court failed to adequately set forth findings of fact and conclusions of law with respect to the defendant's request for a downward departure from the presumptive risk level (see Correction Law § 168-n[3]). However, remittal to the Supreme Court is not required since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Howard, 190 AD3d 773, 774; People v Rodriguez, 170 AD3d 902, 903).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court