People v Pena (2023 NY Slip Op 03025)

People v Pena

2023 NY Slip Op 03025

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-08442

[*1]The People of the State of New York, respondent,
v
Jose Pena, appellant. Randall D. Unger, Kew Gardens, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Christine Thambuswamy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated September 12, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant entered a plea of guilty to attempted course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 90 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the denial of his application for a downward departure from his presumptive risk level.
As a threshold matter, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law with respect to the defendant's application for a downward departure from the presumptive risk level (see Correction Law § 168-n[3]; People v Balcerak, 212 AD3d 662, 663). Nevertheless, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Balcerak, 212 AD3d at 663; People v Cahill, 210 AD3d 1115, 1116).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]).
Here, the alleged mitigating factors consisting of the defendant's vocational progress while incarcerated, his expression of remorse, and his acceptance of responsibility were adequately taken into account by the Guidelines (see People v Barrott, 199 AD3d 1029, 1030; People v Robinson, 145 AD3d 805, 806; People v Torres, 124 AD3d 744, 745-746). Although an offender's [*2]response to treatment, if exceptional, can be the basis for a downward departure (see People v Garcia, 192 AD3d 833, 834), here, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Torres, 124 AD3d at 746; People v Coleman, 122 AD3d 599, 599-600).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court