People v Evelyn-Moe (2023 NY Slip Op 03368)

People v Evelyn-Moe

2023 NY Slip Op 03368

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2017-05942

[*1]The People of the State of New York, respondent,
v
Shemroy T. Evelyn-Moe, appellant. Twyla Carter, New York, NY (Samuel Claflin of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated April 26, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2014, the defendant was convicted in the United States District Court of the Eastern District of New York, upon his plea of guilty, of possessing child pornography (see 18 USC § 2252[a][4][B]; [b][2]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument (hereinafter RAI), denied his request for a downward departure from the presumptive risk level, and designated him a level two sex offender.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (id. § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). Here, the Supreme Court properly assessed points under risk factors 3 and 7. The People established by clear and convincing evidence that the images possessed by the defendant depicted more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Kyaw Aung, 202 AD3d 1005, 1006; People v Carman, 194 AD3d 760, 762, affd 38 NY3d 972).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Cahill, 210 AD3d 1115, 1116).
Here, the purported mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861), or did not warrant a downward departure. Although in some cases involving offenders who possess child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see id.; People v Johnson, 11 NY3d 416, 421), given, among other things, the number and nature of the images possessed by the defendant, a downward departure was not warranted under the circumstances presented (see People v Cahill, 210 AD3d at 1116-1117; People v Tirado, 165 AD3d 991, 992; cf. People v Sestito, 195 AD3d 869, 870). Additionally, "[a]lthough lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the [RAI]" (People v Sprinkler, 162 AD3d 802, 803), the defendant, who spent less than two years at liberty prior to the SORA hearing, failed to establish by a preponderance of the evidence that this short period of time at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense, or that he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v Williams, 204 AD3d 710, 711; People v Sprinkler, 162 AD3d at 803; cf. People v Sotomayer, 143 AD3d 686, 687).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court