People v Flores-Hernandez (2023 NY Slip Op 04781)

People v Flores-Hernandez

2023 NY Slip Op 04781

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08395

[*1]People of State of New York, respondent,
v
Jose Flores-Hernandez, appellant.

Patricia Pazner, New York, NY (Samuel Barr of counsel; Natalie Smith on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated November 10, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2019, the defendant was convicted in the United States District Court for the Southern District of New York, upon his plea of guilty, of possessing child pornography (see 18 USC § 2252). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points on the risk assessment instrument (hereinafter RAI), denied his application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Anthony, ___ NY3d ___, 2023 NY Slip Op 03303; People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the [*2]totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Anthony, ___ NY3d ___, 2023 NY Slip Op 03303; People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although an offender's response to treatment, if exceptional, may qualify as a mitigating factor that warrants a downward departure (see People v Pena, 217 AD3d 693; People v Payne, 216 AD3d 1187; People v Rucano, 213 AD3d 709, 710), here, the defendant failed to prove, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Abdullah, 210 AD3d 704, 706; People v Cousin, 209 AD3d 1047, 1048).
The alleged support provided by the defendant's family was adequately taken into account by the Guidelines (see People v Rucano, 213 AD3d at 710; People v Parisi, 212 AD3d 666, 668; People v Taylor, 199 AD3d 845, 846). Moreover, the defendant failed to demonstrate how his family support system established a lower likelihood of reoffense or danger to the community (see People v Koiki, 214 AD3d 1006, 1007; People v Parisi, 212 AD3d at 668).
Further, although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the RAI (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516), here, the defendant, who spent less than four years at liberty prior to the SORA hearing, failed to establish by a preponderance of the evidence that this period of time at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense, or that he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v Evelyn-Moe, 217 AD3d 889; People v Williams, 204 AD3d 710, 711).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court