People v Hammack (2024 NY Slip Op 01565)

People v Hammack

2024 NY Slip Op 01565

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-03972

[*1]The People of the State of New York, respondent,
v
Alex Hammack, appellant.

Twyla Carter, New York, NY (Nancy E. Little of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Ariselly Fernandez on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gary F. Miret, J.), dated May 5, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in a California court, upon his plea of guilty, of possession of obscene material based upon his possession of child pornography. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims) and, alternatively, argues that the court should have granted his application for a downward departure.
The Supreme Court correctly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229). Contrary to the defendant's contention, the assessment of points under risk factors 3 and 7 in child pornography cases does not violate his right to due process (see People v Gillotti, 23 NY3d at 860; People v Field, 214 AD3d 418, 419; see generally People v Parris, 153 AD3d 68, 76).
Furthermore, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted here, given, among other things, the number and nature of the images possessed by the defendant (see People v Evelyn-Moe, 217 AD3d 889, 890; People v Cahill, 210 AD3d 1115, 1117; cf. People v Sestito, 195 AD3d 869, 870). "While an offender's response to treatment, if exceptional, can form the basis for a downward departure, the defendant [in this case] failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional" (People v Wilcox, 178 AD3d 1107, 1109 [citations omitted]; see People v Cartiglia, 169 AD3d 725, [*2]726). Finally, based on the totality of the circumstances, the defendant's absence of additional criminal history following the underlying conviction in California did not warrant a downward departure (see People v Williams, 204 AD3d 710, 711).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court