People v Garrett (2024 NY Slip Op 06224)

People v Garrett

2024 NY Slip Op 06224

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-08640

[*1]The People of the State of New York, respondent,
v
Steven Garrett, appellant. Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated September 13, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 85 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Anthony, 40 NY3d 976; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Anthony, 40 NY3d 976; People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Although an offender's response to treatment, if exceptional, may qualify as a mitigating factor that warrants a downward departure (see People v Flores-Hernandez, 219 AD3d 1533, 1534; People v Pena, 217 AD3d 693; People v Payne, 216 AD3d 1187; People v Lazzari, 169 AD3d 837, 838), here, the defendant failed to prove, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Abdullah, 210 AD3d 704, 709; People v Cousin, 209 AD3d 1047, 1048; People v Lopez, 193 AD3d 992, 992-993).
The alleged support provided by the defendant's family was adequately taken into account by the Guidelines (see People v Rucano, 213 AD3d 709, 710; People v Parisi, 212 AD3d [*2]666, 668; People v Taylor, 199 AD3d 845, 846). Moreover, the defendant failed to demonstrate how his family support system established a lower likelihood of reoffense or danger to the community (see People v Koiki, 214 AD3d 1006, 1007; People v Parisi, 212 AD3d at 668).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court