People v Mierisch (2025 NY Slip Op 03593)

People v Mierisch

2025 NY Slip Op 03593

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-01586

[*1]The People of the State of New York, respondent,
v
Justin Mierisch, appellant.

Twyla Carter, New York, NY (Sylvia Lara Altreuter of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered February 7, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in the United States District Court for the District of Rhode Island, upon his plea of guilty, of possession of child pornography (see 18 USC § 2252[a][4][B]; [b][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 80 points on the risk assessment instrument (hereinafter the RAI), which corresponded with a designation as a presumptive level two sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victims) and, alternatively, contends that the court should have granted his application for a downward departure.
The Supreme Court correctly assessed the defendant points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229). Contrary to the defendant's contention, the assessment of points under risk factors 3 and 7 in child pornography cases does not violate his right to due process (see People v Gillotti, 23 NY3d at 860; People v Hammack, 225 AD3d 795, 796; People v Field, 214 AD3d 418, 419).
Furthermore, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted here, given, among other things, the number and nature of the images and video files possessed by the defendant (see People v Hammack, 225 AD3d at 796; People v Evelyn-Moe, 217 AD3d 889, 890; cf. People v Sestito, 195 AD3d 869, 870).
Furthermore, "[w]hile a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is 'exceptional' (Guidelines at 17), the [*2]defendant failed to demonstrate by a preponderance of the evidence that his response to treatment, while positive, was exceptional" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006] [hereinafter Guidelines]; People v Gonsales, 203 AD3d 760, 761).
Contrary to the defendant's contention, the alleged support provided by his family and friends and his history of stable employment were adequately taken into account by the Guidelines under risk factor 15 (living or employment situation) (see People v Gavalo, 235 AD3d 785, 786; People v Parisi, 212 AD3d 666, 668; People v Emery, 204 AD3d 944, 945). Moreover, the defendant failed to demonstrate how the support of his family and friends established a lower likelihood of reoffense or danger to the community (see People v Gavalo, 235 AD3d at 786; People v Parisi, 212 AD3d at 668).
Furthermore, the fact that this was the defendant's only offense was taken into account by risk factor 9, which assesses points against an offender based on the nature and extent of his or her prior criminal history (see People v Curry, 158 AD3d 52, 62; People v Rocano-Quintuna, 149 AD3d 1114, 1115). Moreover, the fact that the defendant will remain under specialized supervision for five years was also accounted for on the RAI because the defendant was scored 0 points under risk factor 14, rather than the 15 points he would have received for release without supervision, or the 5 points he would have received for release with nonspecialized supervision (see People v Curry, 158 AD3d at 62).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court