People v Welch (2025 NY Slip Op 05834)

People v Welch

2025 NY Slip Op 05834

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-11083

[*1]The People of the State of New York, respondent,
v
Judith Welch, appellant. Clare J. Degnan, White Plains, NY (James Healy of counsel), for appellant.

Susan Cacace, District Attorney, White Plains, NY (Amie M. Johnson and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (Robert J. Prisco, J.), dated October 3, 2024, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 85 points on the risk assessment instrument, within the range of presumptive risk level two, denied the defendant's application for a downward departure from her presumptive risk level, and designated her a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Smith, 237 AD3d 1230, 1231 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Sanchez, 231 AD3d 876, 877).
Here, the defendant failed to demonstrate that a downward departure from her presumptive risk level was warranted. Contrary to the defendant's contention, the alleged support provided by her family was adequately taken into account by the Guidelines (see People v Gavalo, 235 AD3d 785, 786; People v Parisi, 212 AD3d 666, 668). Moreover, the defendant failed to establish by a preponderance of the evidence the existence of her family support network or that such network would result in a lower likelihood of reoffense or danger to the community (see People v Mierisch, 239 AD3d 776, 778; People v Gavalo, 235 AD3d at 786).
Although an offender's response to treatment, if exceptional, may qualify as a [*2]mitigating factor that warrants a downward departure (see People v Garrett, 233 AD3d 812, 812; People v Lazzari, 169 AD3d 837, 838), here, the defendant failed to prove by a preponderance of the evidence that her response to mental health treatment was exceptional (see People v Garrett, 233 AD3d at 812-813; People v Flores-Hernandez, 219 AD3d 1533, 1534).
The other alleged mitigating factors identified by the defendant were adequately taken into account by the Guidelines (see People v Zarifa, 237 AD3d 1113, 1115; People v Moore, 223 AD3d 921, 923).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., WARHIT, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court