People v Forston
2026 NY Slip Op 03460
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Joseph Forston, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-14360
Francesca E. Connolly, J.P.
Deborah A. Dowling
Lillian Wan
Susan Quirk, JJ.

Twyla Carter, New York, NY (Mariel Stein of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and MyeongHwan Cha of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated April 3, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 90 points on the risk assessment instrument. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735).
Although a debilitating illness may constitute a basis for a downward departure (see Guidelines at 5; People v Jimenez, 178 AD3d 1099, 1101), the defendant failed to provide sufficient medical evidence to establish by a preponderance of the evidence that his medical condition and physical limitations were sufficient to reduce his risk of reoffending (see People v Kumar, 242 AD3d 1231; People v Laskaris, 231 AD3d 1173, 1174). Moreover, the defendant did not submit any medical evidence demonstrating that his sexual functioning had been impaired by his medical condition and, thus, failed to show that his condition resulted in an overassessment of his risk to public safety (see People v Parisi, 212 AD3d 666, 668; People v Jimenez, 178 AD3d at 1101).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., DOWLING, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court