People v Accurso
2026 NY Slip Op 03989
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Joseph Accurso, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-09034
Angela G. Iannacci, J.P.
Helen Voutsinas
Janice A. Taylor
James P. McCormack, JJ.

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sarit A. Perl of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated July 15, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in the United States District Court for the Eastern District of New York, upon his plea of guilty, of possession of child pornography (see 18 USC § 2252[a][4][B]; [b][2]). After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 95 points on the risk assessment instrument, presumptively placing him within the range for a level two designation, and designated him a level two sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11 based on the defendant's admissions (see People v Barry, 213 AD3d 779, 780; People v Jones, 130 AD3d 601, 601).
The defendant's contention that a downward departure from his presumptive risk level was warranted based on purported mitigating factors is unpreserved for appellate review, since he did not request a downward departure at the SORA hearing (see People v Franco, 234 AD3d 723, 724; People v Pomavilla-Loja, 230 AD3d 1359, 1359). In any event, the defendant failed to establish that a downward departure was warranted (see People v Gillotti, 23 NY3d 841, 861; People v Hammack, 225 AD3d 795, 796; People v Evelyn-Moe, 217 AD3d 889, 890).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., VOUTSINAS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court